# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Brandon Marquis Pugh, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13-00611-KD-N |
| ) | |
| Carla Jones, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Brandon Marquis Pugh, a state prisoner incarcerated at Easterling Correctional Facility, proceeding *pro se*, has filed a 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2), which have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B); Rules 4 and 8(b) of the Rule Governing Section 2254 Cases; and Local Rule 72.2(c)(4).

As Pugh makes clear in his petition, he is attacking his 2007 Mobile County Circuit Court conviction and sentence (case no. CC 2007-000808). (*See* Doc. 1 at 2.) And, as is also clear from his petition, Pugh has already filed a § 2254 petition in this Court related to that conviction and sentence. (*Compare id.* at 9 (referencing Civil Action No. 13-00360-KD-M), *with* Civil Action No. 13-00360-KD-M, Doc. 1, petition, at 2 (referencing same Mobile County Circuit Court conviction and sentence).) As such, because Pugh's original § 2254 proceeding is still pending in this Court, the undersigned **RECOMMENDS** that the petition filed in this case be

treated as a motion for leave to amend the § 2254 petition pending in Civil Action No. 13-00360-KD-M and that this case be consolidated with that one and all future filings be made in Civil Action No. 13-00360-KD-M.[1]

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the

---

[1] While there may be authority to dismiss, without prejudice, a subsequent § 2254 petition, as second or successive, where a prisoner's first petition is still pending before, and awaiting adjudication by, the same district court, *see, e.g., Eason v. Hull*, 528 Fed. App'x 308, 308-09 (4th Cir. June 12, 2013) (per curiam); *King v. Stevenson*, 509 Fed. App'x 268, 268-69 (4th Cir. Feb. 12, 2013) (per curiam), one district court in this Circuit has recently held—and the undersigned agrees—that, for a § 2254 petition to be considered "second or successive" under § 2244(b), "it must at a minimum be filed **subsequent to the conclusion of** 'a proceeding that "counts" as the first.'" *Smith v. Giles*, Civil Action No. 3:11cv608–WHA, 2013 WL 6145649, at *1 (M.D. Ala. Nov. 21, 2013) (quoting *Ching v. United States*, 298 F. 3d 174, 177 (2d Cir. 2002) (§ 2255); citing *United States v. Camejo–Rodriguez*, 413 Fed App'x 158, 160 (11th Cir. Feb. 4, 2011) (per curiam) (in the context of a § 2255 petition, stating, "[u]ndoubtedly, the conclusion that a habeas petition is a 'second or successive' petition requires the existence of a first")) (emphasis added). In *Smith*, although the prisoner's first § 2254 petition, filed in the Northern District of Alabama, was still pending there when he filed a second § 2254 petition in the Middle District, the Middle District ruled that fact did not make his petition before it "a second or successive petition within the meaning of § 2244(b)" and, "[c]onsequently, [it was] not deprived of jurisdiction[.]" *See id.* (citing 28 U.S.C. § 2244(b)(3)(A)); *see also id.* at *1 n.2 (noting that the Middle District petition could not be treated as a motion to amend the Northern District petition since that case had subsequently closed).

From the undersigned's review of authority, Pugh's case is most analogous to *Addison v. Secretary, Department of Corrections*, No. 5:12–cv–62–MP–GRJ, 2012 WL 6569345 (N.D. Fla. Nov. 14, 2012), *report and recommendation adopted*, 2012 WL 6569338 (N.D. Fla. Dec. 17, 2012). There, the Magistrate Judge agreed with the State of Florida "that when the instant Petition was filed, it should have been treated as a motion for leave to amend the Petition that was pending adjudication in Case No. 5:10–cv–39–MCR–EMT, rather than being opened as a new habeas corpus case." *Id.* at *1. Although there, the petition in the first-filed case had been denied, the State urged, and the Court agreed, that the second petition could be treated as a Rule 60(b) motion. *See id.* ("Given the unusual procedural posture of this case, and affording *pro se* Petitioner the benefit of liberal construction, the instant Petition may be construed as seeking relief under Rule 60(b) due to the fact that the Court could have treated the Petition as a motion to amend and resolved it at the same time as the earlier Petition."). The Magistrate Judge then recommended that the second-filed § 2254 case be consolidated with the first-filed case pursuant to Rule 42(a). *See id.* at *2.

2

manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of December, 2013.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**